

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

August 23, 2021

VIA EMAIL

Laura Wyrosdick
Federal Defender Program
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202
Laura_Wyrosdick@fd.org

Re:     *United States v. Kurt Peterson.*
        Case No. 21-cr-427

Dear Ms. Wyrosdick:

Enclosed please find additional discovery produced to you via email in the above-referenced case.  The discovery is comprised of five transcripts of interviews of law enforcement officers who were present at or around the Speaker's Lobby of the U.S. Capitol building on January 6, 2021.  The enclosed transcripts are designated SENSITIVE pursuant to the August 10, 2021 Protective Order (Doc. 15).  The files provided are listed below:

| File Name | Sensitivity Designation |
|---|---|
| C.L. Transcription_Redacted.pdf | SENSITIVE |
| J.G. Transcription_Redacted.pdf | SENSITIVE |
| K.Y. Transcription_Redacted.pdf | SENSITIVE |
| S.R. Transcript_Redacted.pdf | SENSITIVE |
| T.L. Transcription_Redacted.pdf | SENSITIVE |

Some defense counsel in the Capitol Breach cases have requested information that they claim suggests a member (or members) of law enforcement allowed people to enter or remain in the Capitol or on restricted grounds, acted friendly or sympathetic to the rioters, or otherwise

failed to do their jobs.  As an initial matter, we do not believe that such information is exculpatory as to guilt or punishment within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1973).  Nevertheless, the government possesses some information that arguably could be responsive to these requests.  Out of an abundance of caution, the government will be making such information available to you, if it has not done so already.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries.  I also request that the defendant disclose prior statements of any witnesses defendant intends to call to testify at any hearing or trial.  *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975).  I request that such material be provided on the same basis upon which the government will provide defendant with materials relating to government witnesses.

I will forward additional discovery as it becomes available.  In the meantime, please let me know if there are any categories of information that you believe are particularly relevant to your client.  If you have any questions, please feel free to contact me.

Sincerely,

*/s/ Alison B. Prout*
Alison B. Prout
Assistant United States Attorney

Enclosures