**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-cr-427 (CJN)** |
| **v.** | : | |
| | : | |
| **KURT PETERSON** | : | |
| | : | |
| **Defendant.** | : | |

**NOTICE AND MOTION TO SEAL**
**CERTAIN PARTS OF THE STATEMENT OF OFFENSE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and counsel for Defendant Kurt Peterson respectfully file this joint motion to seal certain parts of Defendant's proposed statement of offense.

There is a change of plea hearing scheduled for September 21, 2022 at 10 AM before the Honorable Carl J. Nichols, United States District Court Judge.   If the Court accepts the proposed plea agreement, the parties propose that the plea agreement be entered on the public docket in its entirety and the statement of offense be placed on the docket with redactions to two sentences.   By filing this motion on the public docket, the parties have provided public notice of this motion to seal.

**ARGUMENT**

As set forth in *Washington Post v. Robinson*, the First Amendment creates a general presumption of access to plea agreements and related documents, but this presumption is not absolute.   935 F.2d 282, 288 (D.C. Cir. 1991).[1]   The presumption of access may be overcome

---

[1]   Both the Federal Rules and the common law also establish a qualified right of public access to certain judicial records.   However, these rights of access are not as robust as the First Amendment right. Here, where there is a compelling interest sufficient to override the First Amendment right to access, the

and a plea agreement, or parts thereof, may be filed under seal provided there is public notice

of the motion to seal, an opportunity for interested persons to be heard, and specific findings

by the district court that: (1) a compelling interest overrides the public's presumptive right of

access; (2) the sealing is narrowly tailored to serve that interest; and (3) no alternative to

sealing adequately protects that interest.   *Id*. at 288-91.

      Here, there are compelling interests that override the public's presumptive right of access

because the proposed plea agreement is conditioned upon Defendant's continued cooperation

with the government, and the statement of offense that accompanies the proposed plea agreement

describes another individual who is under investigation for criminal wrongdoing on January 6,

2021.   Publicly filing this information could lead to the identification of this individual and

would be akin to a criminal accusation that could cause serious reputational or professional harm

before formal charges are filed.   Moreover, the need to protect the integrity of the ongoing

investigation justifies the requested partial sealing.   *See United States v. Hubbard*, 650 F.2d 293,

323 (D.C. Cir. 1980) ("As to potential defendants not involved in the proceeding …premature

publication can taint future prosecutions to the detriment of both the government and the

defense.").   Furthermore, the partial sealing is justified by the need to protect the Defendant's

safety in light of his ongoing cooperation.   *Washington Post*, 935 F.2d at 291 ("the safety of the

defendant and his family, may well be sufficient to justify sealing a plea agreement").   *See also*

*United States v. Thompson*, 199 F. Supp. 3d 3, 9 (D.D.C. 2016) ("sentencing memoranda that

include information regarding a defendant's cooperation are often filed under seal.").

---

court need not address the common-law standard.   *See. e.g., Washington Post*, 935 F.2d at 288 n.7
(finding no need to make a separate showing to overcome common law rights of access because the First
Amendment provides "different and heightened protections of access.")

The proposed redactions to two sentences in the statement of offense are narrowly tailored to serve the compelling interests described above.   No alternative to sealing will adequately protect the due process rights of an unnamed defendant; preserve the integrity of the government's investigation; and help ensure the safety of the Defendant.

## CONCLUSION

For the reasons set forth above, the parties respectfully requests the Court grant the joint motion to seal certain parts of the statement of offense.

Respectfully submitted this 15 day of September, 2022.

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

By:     /s/ *Jason M. Crawford*
        Jason M. Crawford
        Trial Attorney
        U.S. Department of Justice
        Detailed to the D.C. U.S. Attorney's Office
        DC Bar No. 1015493
        (202) 598-1099
        Jason.M.Crawford@usdoj.gov

3