## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Criminal Action No. 1:21-CR-427(CJN)** |
| | ) | |
| **KURT PETERSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## KURT PETERSON'S SENTENCING MEMORANDUM

Comes the Defendant, Kurt Peterson, and files this sentencing memorandum for the sentencing hearing that is set for November 2, 2023. Mr. Peterson respectfully requests that the Court sentence him to period of probation of up to five years, a special assessment of $100, and restitution in the amount of $4700.

### A. Charges and Statutory Sentencing Range.

On September 21, 2022, Mr. Peterson entered a guilty plea to the single count of this Information: Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, pursuant to 18 U.S.C. §1752(a)(4) and (b)(1)(A). This offense carries not more than ten years imprisonment, followed by not more than three years supervised release. Alternatively, the statue also allows the Court to instead place

Mr. Peterson on probation for up to five years.

**B. Presentence Report**

Mr. Peterson has no objections to the PSR.

**C. Plea Agreement and Advisory Guideline Sentencing Range**

The plea agreement in this case is pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The parties agreed on the statement of the offense that was provided to the Court. Pursuant to the PSR and the parties' plea agreement, Mr. Peterson's advisory guideline calculations are as follows:

| | |
|---|---|
| Base Offense Level, USSG §2B2.3(a) | 4 |
| Trespass occurred at any restricted building or ground, USSG §2B2.3(b)(1)(A)(vii) | +2 |
| Possession of dangerous weapon, USSG §2B2.3(b)(2) | +2 |
| Acceptance of Responsibility USSG §3E1.1(a) | -2 |
| | |
| Total Offense Level | 6 |
| | |
| Criminal History Category (0 points) | I |
| | |
| Guideline Range | 0-6 months (Zone A) |

The sentencing guidelines also allow for a sentence of probation as the advisory guideline range is in Zone A of the sentencing table.

**D. Offense Conduct**

Mr. Peterson arrived in the District of Columbia on January 5, 2021, having traveled from his home in Kentucky.[1]  He attended a rally the following day, January 6.[2]  After the

---

[1] PSR, para 25.
[2] PSR, para 26.

rally, he, along with approximately three others in his group, travelled to the Capitol.[3]
Upon arriving on the Capitol grounds, he stood near a line of law enforcement officers who
were standing outside the U.S. Capitol Building.[4]  Mr. Peterson, and others, were sprayed
by law enforcement officers with a chemical spray.[5]  After being sprayed, Mr. Peterson
acted out by striking the U.S. Capitol Building with his walking stick and fists, causing a
window pane to be broken.[6]  At 2:42 pm, Mr. Peterson entered the U.S. Capitol Building
and walked through the building to the Speaker's Lobby.[7]  Law enforcement officers
escorted Mr. Peterson and others from that area and out of the Capitol Building.[8]

Mr. Peterson traveled from Kentucky to Washington, D.C., with three other individuals,
two of whom were elderly members of his bible study group.  Prior to departing Kentucky,
the group met to discuss who would be responsible for bringing certain items to the District.
One concern that the group had was their inability to go back and forth between the rally
and their vehicle.  It was agreed that they would need to bring a full day's worth of food,
drinks, and snacks with them and carry them throughout the day.  For this reason, Mr.
Peterson decided to wear a vest that had multiple pockets to carry their supplies.
Additionally, it was discussed that having protective eyewear assessable might be
advisable.  They had heard rumors that there might be counter-protestors, so they wanted
to make sure they were prepared in case there were any skirmishes between the two groups

---

[3] *Id*.
[4] PSR, para. 27.
[5] *Id*.
[6] PSR, para. 28.
[7] PSR, para. 29.
[8] PSR, para. 30.

of protestors.  They also made sure everyone's cell phone was fully charged and they all had each other's phone numbers in case they were separated.

Mr. Peterson and the other elderly members of his church group did not participate in any assaultive behavior towards any law enforcement officers.  On several occasions Mr. Peterson engaged law enforcement officers in conversation.  When another protestor was injured in Mr. Peterson's presence, he attempted to provide aid and assistance to that individual until law enforcement officers arrived on the scene.  On multiple occasions Mr. Peterson reprimanded others who were loudly cursing, or who were inciting violence.  Mr. Peterson's goal was to attend the rally, march to the Capitol Building, participate in a sit-in, and then exit the area.

Upon being sprayed by a chemical irritant, Mr. Peterson was briefly upset and used his walking stick and fist to strike a window pane.  He did not however antagonize the officers, encourage other protestors to antagonize law enforcement officers, or engage in any type of physical resistance in any way.  When asked to leave the Capitol, he did so without incident.  Mr. Peterson was no doubt part of the chaos at the U.S. Capitol Building on January, 6, 2021, but since that time, he has worked to move forward with his life.  He has been on pre-trial release for more than two years and has been fully compliant with the terms of his release.[9]

---

[9] PSR, para. 16 and 17.

Once he was charged, Mr. Peterson cooperated and agreed to plead guilty by information. At the time of his plea, he appeared before the Court and willingly admitted what he had done.

### E.  Mr. Peterson's Background and Circumstances

At the time of his sentencing, Mr. Peterson will be 67 years old.  He currently lives in Hodgenville, Ky.  In 2011 Mr. Peterson retired from Pan Am Railways, where he was a mechanical superintendent.[10]  He had worked his entire adult life in engineering and mechanical related fields.[11]  Prior to this incident, Mr. Peterson had only one prior contact with law enforcement officers – which resulted in a dismissal in 2014.[12]  Mr. Peterson enjoys attending bible study and weekly study groups with friends, as well as gardening. Mr. Peterson has the ability to successfully complete a period of probation.[13]

Mr. Peterson suffers from several health ailments which are common among those who reach their late-60s.  Mr. Peterson is currently scheduled to receive surgery for carpal tunnel syndrome in his right hand/arm; he has been recommended to receive a full hip replacement for his left hip; and he has recurring pain in his both of his shoulders from previous motorcycle and skiing injuries.

### F.  Sentence

Mr. Peterson requests that the Court impose a sentence of probation.  Further, given his

---

[10] PSR, para. 75.
[11] PSR, para. 75 and 76.
[12] PSR, para. 54.
[13] PSR, para. 63.

financial circumstances and his agreement to pay restitution in the amount of $4700, Mr.
Peterson requests that the Court waive any fine for this case.

A sentence of imprisonment is not necessary to achieve a sentence which achieves just
punishment, promotes respect for the law, and reflects the seriousness of the offense. Mr.
Peterson, who previously had no criminal convictions, is now convicted felon and will live
the rest of his life with those consequences. Further, this felony conviction carries an
additional heavy weight along with the more standard collateral consequences. Mr.
Peterson will be followed by the infamy of having participated in the events that occurred
at the Capitol on January 6, 2021, having been charged, and being convicted for his acts.
He has shown his willingness to shoulder those consequences, but clearly that burden is a
punitive one even in the absence of any form of imprisonment.

The goals of deterrence and protection of the public would also not be furthered by a
sentence of imprisonment in this case. Most of Mr. Peterson's life has shown that he can
be productive and law-abiding. His conduct since the offense, especially since his arrest,
demonstrates that he can and will follow such a course in the future. The shock of the
experience itself and his later arrest have already caused the remorse and reflection
necessary to make certain that he will live lawfully.

Mr. Peterson's life history and success while on pretrial release demonstrates that the
Court need not order probation for the full five-year period, but the Court can also be
confident that he will continue to succeed for that period of time it is were to be imposed.
In Kurt Peterson's case, a sentence of probation will be "sufficient, but not greater than
necessary" to achieve the goals set out in 18 USC §3553(a). He respectfully requests that

the Court impose a sentence of probation, thereby allowing and encouraging him to continue his progress, with the supervision provided by United States Probation.

Respectfully submitted,

/s/ Aaron M. Dyke (Ky. Bar. No. 94232)
Assistant Federal Defender
629 South Fourth Street
200 Theatre Building
Louisville, Kentucky 40202

(502) 584-0525
aaron_dyke@fd.org

Counsel for Defendant.

## CERTIFICATE

I hereby certify that on October 27, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Aaron M. Dyke